UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN PATRICK ROSE, #223157,

        Petitioner,

v.                                            CASE NO. 2:10-CV-11160
                                              HONORABLE GEORGE CARAM STEEH

CATHERINE BAUMAN,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.     Introduction**

Michigan prisoner Jonathan Patrick Rose ("Petitioner") has filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court and was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to consecutive terms of 7 ½ to 20 years imprisonment and two years imprisonment in 2005.

In his pleadings, Petitioner raises claims concerning the trial court's denial of a motion to suppress evidence obtained during a search of his vehicle, the admission of a missing witness's prior testimony, the validity of his sentence, the effectiveness of trial and appellate counsel, the right to present a defense, the prosecution's use of perjured testimony, and the denial of certain motions on state post-conviction review. Respondent has filed an answer to the petition contending that it

should be denied. For the reasons set forth, the Court finds that Petitioner is not entitled to habeas relief and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.     **Facts and Procedural History**

Petitioner's convictions arise from his status as a felon and his possession of a firearm in his vehicle in Livonia, Michigan on July 23, 2004. The Court adopts the facts set forth by the Michigan Court of Appeals on direct appeal, which are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). Those facts are as follows:

> Officer Scott Sczepanski of the Livonia Police Department testified that on July 23, 2004, he responded to a 911 call regarding a dispute at the Days Inn that involved a white male with long blonde hair. As Sczepanski was pulling into the hotel parking lot he saw a white male with long blonde hair pulling out of the parking lot in a green Volkswagen Jetta. Sczepanski stopped the vehicle and noted that defendant was the only individual in the vehicle. After some investigation, Sczepanski arrested defendant. Officer Shane Rebant of the Livonia Police Department stated that when he arrived at the scene in question, Sczepanski had already pulled defendant over. Rebant watched Sczepanski arrest defendant and noted that, while Sczepanski was arresting defendant, a woman came running across the parking lot yelling, "[h]e didn't do anything. The gun is mine." Sczepanski searched the vehicle and eventually recovered a handgun from the engine compartment. Sczepanski stated that the gun was wrapped in a washcloth and located between the battery and the front of the vehicle. Sczepanski noted that his search was conducted according to department policy, and it was a known trend for individuals to hide guns in the engine compartment.

*People v. Rose*, No. 263854, 2006 WL 3458096, *1 (Mich. Ct. App. Nov. 30, 2006) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, raising claims concerning the denial of a motion to suppress the evidence seized from his vehicle, the admission of a missing witness's prior testimony, and the validity of his sentence. The Michigan Court of Appeals denied relief on those claims and affirmed

his convictions and sentence. *Id*. at *1-5. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Rose*, 477 Mich. 1115, 730 N.W.2d 234 (2007).

Petitioner subsequently filed a motion for relief from judgment with the state trial court raising claims concerning the sufficiency of the evidence, the exclusion of hearsay and the right to present a defense, prosecutorial misconduct arising from the presentation of perjured testimony, and the effectiveness of trial and appellate counsel. The trial court ruled that the claims lacked merit and denied the motion. *People v. Rose*, No. 04-008300-01 (Wayne Co. Cir. Ct. March 19, 2008) (unpublished). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was dismissed "for failure to pursue the case in conformity with the rules. MCR 7.201(B)(3) and 7.216(A)(10)." *People v. Rose*, No. 290008 (Mich. Ct. App. April 13, 2009) (unpublished). The court also denied reconsideration. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Rose*, 485 Mich. 1074, 777 N.W.2d 409 (2010).

Petitioner thereafter filed his federal habeas petition, raising the following claims:

I. He is entitled to dismissal where the trial court abused its discretion in denying the motion to suppress the evidence.

II. He is entitled to a new trial where the trial court abused its discretion in granting the motion to admit prior testimony of a missing witness, finding due diligence had been shown by the prosecutor.

III. He is entitled to resentencing where the present sentence for the felon in possession of a firearm conviction, which exceeded the guideline range, violated the principle of proportionality.

IV. He was denied the right to effective assistance of appellate counsel by failing to raise on direct appeal the trial court's erroneous denial of a motion for directed verdict of acquittal where the evidence presented was insufficient to

        support finding that he [had] actual or constructive possession of a weapon, and felony firearm. No evidence was submitted linking him to weapon concealed within the engine compartment of a repossessed vehicle. His convictions on insufficient evidence denied him his state and federal constitutional right to due process.

V.       The trial court denied him his due process right to a fair trial by denying him an opportunity to present a defense. Appellate counsel was ineffective in failing to raise preserved constitutional error. He was denied effective assistance of counsel by appellate counsel's failure to raise on direct appeal preserved constitutional error that can demonstrate good cause and prejudice.

VI.      He was denied the due process right to a fair suppression hearing and fair trial due to prosecutor's [use of] the Livonia Police Officers's false and perjured testimony that the court of appeals erroneously relied [upon]. Appellate counsel was ineffective in failing to investigate, prepare, and raise ineffectiveness of first trial counsel Mr. Frost's unreasonable representation in failing to articulate recorded events, produce other recorded evidence and call res gestae officers. The prosecutor failed to correct Livonia Police Officer Sczepanski's false testimony that was erroneously relied [upon] to deny the defense motion to suppress; the prosecutor delegation to the Livonia Police Department to queue viewing of video recording to specific sections did not relieve of duty to correct false testimony.

VII.     The post-appeal court committed reversible error in denying his motion to compel production of police cruiser video dashboard camera recordings and 911 recordings that requires reversal of the denial of motion to expand the record and evidentiary hearing.

Respondent has filed an answer to the petition contending that it should be denied.

### III.   Standard of Review

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the following standard of review for federal habeas cases filed by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

> Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

A state court's decision is contrary to clearly established law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of

the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.    Discussion**

    **A.    Fourth Amendment Claim**

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in denying his motion to suppress the evidence seized from the search of his vehicle. Federal courts, however, will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because

of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner has made no such showing. The record reveals that he challenged the propriety of the search and seizure of evidence by filing a motion to suppress the evidence with the trial court and by pursing a direct appeal in the state courts regarding this issue. The trial court denied his motion, the Michigan Court of Appeals denied relief on the merits, and the Michigan Supreme Court denied leave to appeal. Consequently, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and he received all the process he was due. Petitioner's challenge to the validity of the search and seizure of evidence is thus not cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted on this claim.

**B.     Admission of Prior Testimony Claim**

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in admitting prior testimony from a missing witness, Michael Heathington, that Petitioner had threatened to "blow his head off" on the day in question. The Michigan Court of Appeals denied relief on this claim, finding that the testimony was properly admitted because the witness was unavailable, the prosecution had exercised due diligence in attempting to locate and produce him at trial, and Petitioner had the same motive and sufficient opportunity to cross-examine the witness at the prior trial (which had resulted in a hung jury). The court explained in relevant part:

> . . . former testimony of a witness is admissible in a later proceeding if the witness is unavailable to testify and the party against whom the testimony is being admitted had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination at the earlier time. MRE 804(b)(1); *People v. Briseno*, 211 Mich App 11, 14; 535 NW2d 559 (1995). A witness is unavailable when he is absent from the hearing and the proponent of his statement has used due diligence to procure his attendance. MRE 804(a)(5); *Briseno, supra* at 14. The party proffering the former testimony must demonstrate that he made a reasonable, good faith effort to secure the declarant's presence for trial; the party need not have done everything possible to locate the witness. *Briseno, supra* at 14.
>
> Before the trial court granted the prosecution's motion to admit Heathington's prior testimony into evidence, the prosecution established that Heathington had told the police he was moving to North Carolina after he testified at defendant's first trial. The prosecution further established that the police contacted Heathington's father in an effort to locate Heathington, but Heathington's father did not have any helpful information regarding Heathington's whereabouts. Moreover, the prosecution established that the police obtained an address for Heathington from the North Carolina Secretary of State and sent a subpoena to the address via certified mail, but the subpoena was returned as undeliverable. Thus, even though defendant correctly points out that the prosecution could have made other efforts to locate and obtain Heathington, we conclude that the trial court did not abuse its discretion when it found that the police exercised due diligence in their efforts to locate Heathington. *Id*. Accordingly, given that defendant had an opportunity and similar motive to cross-examine Heathington at an earlier time, the trial court did not abuse its discretion when it granted the prosecution's motion to admit Heathington's prior testimony into evidence. MRE 804(a)(5); MRE 804(b)(1); *Briseno, supra* at 14.

*Rose*, 2006 WL 3458096 at *3.

The state court's decision in neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that this claim is based upon a perceived violation of state law, it is not cognizable upon federal habeas review. The alleged failure to comply with state law does not amount to an actionable claim on habeas review. *See, e.g., Pulley v. Harris*, 465 U.S. 37, 41 (1984). The Court may grant a writ of habeas corpus only on the ground that a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2004).

Second, Petitioner cannot prevail on any claim that the admission of Heathington's prior testimony violated his confrontation rights under federal law. In *Crawford v. Washington*, 541 U.S. 36, 54 (2004), the United States Supreme Court held that the testimonial statement of a witness who does not appear at trial is inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness. The proper inquiry for deciding whether a statement is testimonial is "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime." *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2005). Testimonial statements include preliminary hearing testimony, grand jury testimony, prior trial testimony, and statements made during police interrogations. *Crawford*, 541 U.S. at 54.

The Supreme Court has found no Confrontation Clause violation by the admission of an unavailable witness's prior testimony when there was an opportunity for cross-examination at the prior proceeding. *See Mattox v. United States*, 156 U.S. 237 (1895) (prior trial testimony); *Barber v. Page*, 390 U.S. 719, 725-26 (1968) (preliminary hearing testimony). A witness is 'unavailable'

for purposes of the exception to the confrontation requirement if the prosecution has made a good faith effort to obtain the witness's presence at trial. *Barber*, 390 U.S. at 724-25; *Winn v. Renico*, 175 F. App'x 728, 733 (6th Cir. 2006). "The lengths to which the prosecution must go to produce a witness, however, is a question of reasonableness." *Winn*, 175 F. App'x at 733 (citing *California v. Green*, 399 U.S. 149, 189, n. 22 (1970) (concurring opinion, citing *Barber*)). "The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness....The prosecution bears the burden of proof in this regard. *Id*. (citations omitted).

In this case, the prosecution made reasonable efforts to produce Heathington to testify at Petitioner's second trial. The police knew that Heathington intended to move to North Carolina after the first trial. Prior to the second trial, the police contacted his father, obtained his last known South Carolina address, and sent a subpoena to that address, which was returned as undeliverable. Such efforts, although unsuccessful, were duly diligent. Heathington was thus unavailable for purposes of Petitioner's second trial. The record further indicates that Petitioner had the same motive and opportunity for questioning Heathington at his prior trial and that he took advantage of that opportunity. Because Heathington was unavailable at the time of Petitioner's second trial and Petitioner had ample opportunity to cross-examine him at the first trial, the trial court did not violate Petitioner's confrontation rights by admitting Heathington's prior testimony. *See, e.g., Hollis v. Lafler*, No. 2:06-CV-12428, 2010 WL 331717, *9-10 (E.D. Mich. Jan. 22, 2010) (Borman, J.) (denying relief on similar claim). Habeas relief is not warranted on this claim.

### C. Sentencing Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in

departing above the recommended minimum guideline range and his sentence is disproportionate. The Michigan Court of Appeals denied relief on this claim, finding that the upward departure from the minimum guideline range was warranted by Petitioner's extensive criminal history and that his sentence is proportionate to the offense and the offender. *Rose*, 2006 WL 3458096 at *4-5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. As an initial matter, the Court notes that Petitioner's sentences are within the statutory maximums. *See* MICH. COMP. LAWS § 750.224f; 750.227b; 769.12. A sentence within the statutory limits is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such showing.

To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). Similarly, any challenge to the trial court's upward departure from the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See, e.g., Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). State courts are the final arbiters of state law and the

federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner is also not entitled to relief on any claim that his sentences constitute cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Petitioner's sentences are within the statutory maximums for his offenses. The state trial court thus acted within its discretion in imposing Petitioner's sentences and there is no extreme disparity between his crimes and sentences so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

### D.      **Procedural Default of Remaining Claims**

Petitioner's remaining claims concern the effectiveness of trial and appellate counsel, the exclusion of hearsay and the right to present a defense, the presentation of perjured testimony, and trial court error in denying motions on collateral review. Those claims, however, are barred by Petitioner's failure to properly exhaust the issues in the state courts, resulting in procedural default.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994). Each issue must be properly raised before both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The claims must also be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner attempted to exhaust these claims in his post-conviction motion for relief from judgment and related appeals. The trial court addressed the issues and denied relief. The Michigan Court of Appeals, however, dismissed Petitioner's delayed application for leave to appeal because he failed to pursue the case in conformity with the court rules. A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). Because Petitioner's delayed application for leave to appeal concerning his motion for relief from judgment was dismissed pursuant to Michigan Court Rules 7.201(B)(3) and 7.216(A)(10) for failure to pursue the case in conformity with the court rules, Petitioner did not fairly or properly present those claims to the Michigan Court of Appeals. *See, e.g., Moon v. Trombley*, No. 2:07-CV-13754, 2010 WL 2376168, *3 (E.D. Mich. June 9, 2010) (Battani, J.) (citing *Carney v. Smith*, 2006 WL 708668, *3-4 (W.D. Mich. 2006)). His subsequent filing of an application for leave to appeal in the Michigan Supreme Court was insufficient to fully satisfy the exhaustion requirement.

Petitioner, however, no longer has an available state court remedy by which to further exhaust the claims. Pursuant to Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan

-14-

is generally permitted to only file one post-conviction motion for relief from judgment. *See Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Consequently, Petitioner's claims are now defaulted. When a habeas petitioner fails to properly present claims to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted his claims for purposes of federal habeas review. *See Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

In this case, Petitioner has failed to establish cause to excuse his procedural default. The fact that appellate counsel did not raise the claims on direct appeal is immaterial because Petitioner could have still properly exhausted the claims in his state post-conviction motion for relief from judgment and related appeals. *See Moon, supra* (citing *Carpenter v. Vaughn*, 888 F. Supp. 635, 654 (M.D. Pa. 1994)). A prisoner's pro se status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys*, 144 F. Supp.2d 829, 838 (E.D. Mich. 2001). The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, the Court notes that it would find that the claims lack merit, and do not warrant

habeas relief, for the reasons stated by the trial court in denying his motion for relief from judgment.

Petitioner has also not demonstrated that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Moreover, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has made no such showing. His assertion that his claims have merit does not establish his actual innocence. Petitioner's remaining claims are thus barred by procedural default, otherwise lack merit, and do not warrant habeas relief.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Based upon the foregoing discussion, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason would not find the Court's procedural default ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot not be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated: September 17, 2012

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Jonathan Patrick Rose #223157 at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 on September 17, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk